THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| EQUITABLE FINANCIAL LIFE INSURANCE,<br><br>Plaintiff,<br><br>v.<br><br>MARILYN HANSEN BANASKY, in her capacity as personal representative of The Estate of Scott T. Banasky, and JAMES D. BANASKY, in his capacity as Trustee of The Scott T. Banasky Irrevocable Trust Dated May 20, 199,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING [33] MOTION TO STAY<br><br>Case No. 2:21-cv-361<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

This case commenced as an interpleader action brought by Equitable Financial Life Insurance (Equitable) against Marilyn Banasky (Marilyn), as personal representative of The Estate of Scott T. Banasky, and James D. Banasky (JD), as Trustee of the Scott T. Banasky Irrevocable Trust.[1] It is now before the court on Marilyn's motion to stay this action until a state court action she brought against JD is resolved.[2] JD opposes the motion on behalf of the Scott T. Banasky Irrevocable Trust.[3] The motion is fully briefed and ready for decision.[4] For the reasons that follow, Marilyn's motion to stay is GRANTED.

---

[1] Complaint in Interpleader, ECF No. 2, filed June 11, 2021.

[2] ECF No. 33, filed April 20, 2022.

[3] ECF No. 38.

[4] The court finds oral argument unnecessary. *See* DUCivR 7-1(g).

## BACKGROUND

In determining whether a stay is appropriate here, it is helpful to understand how and why this interpleader action arose and the crossclaims that are asserted by the interpleader defendants, Marilyn and JD.

Scott Banasky (Scott) and JD, his brother, were involved in several business enterprises together for many years.[5] On May 20, 1991, Scott created the Scott T. Banasky Irrevocable Trust (the Trust) and named JD as Trustee.[6] That same day, Scott applied for a life insurance policy in the amount of $500,000 from Equitable's predecessor, naming the Trust as the sole proposed beneficiary.[7] In July 1991, Scott was issued life insurance policy number 41 220 679 (the Policy), and, a few months later, he increased the death benefit of the Policy to $1,000,000.[8]

In more recent years, Scott and JD had a falling out, which eventually resulted in litigation between them.[9] In November 2017, Scott and JD executed a settlement agreement to end the litigation and split their assets.[10] The Policy is the subject of a provision in that agreement.[11]

In January 2021, Scott unexpectedly passed away, leaving Marilyn, his wife, as personal representative of his estate.[12] On January 29, 2021, JD submitted a claim to Equitable for the Policy's death benefit on behalf of the Trust.[13] On March 10, 2021, Marilyn, as personal

---

[5] ECF No. 38-1 at 6.

[6] *See generally* ECF No. 2-4 at 9–30.

[7] *See* ECF Nos. 2 at 3 ¶ 8; 2-2 at 2–4.

[8] ECF No. 2 at 2–3 ¶¶ 6–7.

[9] *Id.* at 7–8.

[10] *Id.*

[11] *Id.*

[12] ECF No. 38 at 1–2 ¶¶ 1–2.

[13] ECF No. 2 at 3 ¶ 12.

representative of Scott's estate, sent a letter to Equitable asserting that any distribution under the Policy is subject to the settlement agreement between Scott and JD.[14] She further asserted that Equitable should not distribute any death benefits under the Policy until Scott's estate and the Trust reached an agreement regarding the settlement agreement's effect thereon.[15] Equitable received a response to Marilyn's letter from JD on May 14, 2021, in which he asserted that the Trust held the sole right to receive the death benefit under the Policy and the settlement agreement.[16] On June 10, 2021, Marilyn, on behalf of Scott's estate, commenced an action against JD in the Third Judicial District Court of Utah, asserting that he had breached his settlement agreement with Scott and other related claims.[17]

Because of the dispute between Scott's estate and the Trust, Equitable filed a complaint in interpleader in this court against Marilyn and JD in their representative capacities on June 11, 2021.[18] Marilyn and JD subsequently filed crossclaims against each other.[19] JD claims that the Trust is entitled to the death benefit under the Policy because the Trust was named as the Policy's sole beneficiary, and the settlement agreement with Scott had no effect on the Trust, JD as its Trustee, or the beneficiaries of the Policy.[20] Marilyn claims that Scott's estate is entitled to the death benefit for the same reasons she claimed entitlement to relief in state court, because JD

---

[14] *Id.* at 3 ¶ 13.

[15] *Id.*

[16] *Id.* at 4 ¶ 14.

[17] *See* ECF Nos. 38 at 2 ¶ 6; 38-1 at 5–18.

[18] ECF No. 2.

[19] ECF Nos. 13, 14.

[20] ECF No. 13 at 7–9.

failed to perform his obligations with regard to the Policy under the settlement agreement with Scott.[21]

On December 20, 2021, the parties filed a joint motion to grant interpleader relief to Equitable, which would allow Equitable to deposit the funds in dispute with the court and release it from all claims Scott's estate or the Trust had asserted, or may assert, against it.[22] The court granted the joint motion the following day, leaving only the parties' crossclaims to be resolved.[23] JD moved for summary judgment on his crossclaim in this action on March 31, 2022,[24] and Marilyn moved for summary judgment in the state court action on April 8, 2022.[25] Marilyn then moved to stay this action pending the resolution of the state court action on April 20, 2022.[26]

## DISCUSSION

Incidental to its power to control the disposition of the cases on its docket,[27] the district court is empowered "to stay proceedings pending before it . . . for the purpose of economy of time and effort for itself, for counsel, and for litigants."[28] Marilyn argues that a stay is warranted in this case because her crossclaims here are virtually identical to the claims she has asserted in her state court action, and the state court action was filed before this one.[29] JD argues that a stay would be inappropriate because he is a party in this case as Trustee of the Trust—not in his

---

[21] ECF No. 14 at 5–17.

[22] ECF No. 25.

[23] ECF No. 27.

[24] ECF No. 30.

[25] ECF No. 33 at 4 ¶ 15.

[26] *See generally id.*

[27] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[28] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (quoting *Landis*, 299 U.S. at 254); *see Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

[29] *Id.* at 4–6.

personal capacity like in the state court action—and the settlement agreement on which Marilyn's claims in the state court action are based has no effect on him as Trustee or the Trust's entitlement to the death benefit distribution the court currently holds.[30]

Having considered these arguments, the court finds good cause to stay these proceedings pending the resolution of Marilyn's state court action against JD. The central question in this case is who is entitled to the death benefit Equitable has deposited with the court: the Trust or Scott's estate. Although the Trust is named as the sole beneficiary under the terms of the Policy, the parties dispute whether the November 2017 settlement agreement between Scott and JD had any effect on whether the Trust was to remain the beneficiary and, thus, receive any distribution made under the Policy. Accordingly, the court cannot properly determine whether the Trust or Scott's estate is entitled to the funds Equitable has deposited without determining the legal effect of the settlement agreement. However, because the interpretation of that agreement is subject to Utah law and is central to resolving the claims in the state court action Marilyn commenced shortly before this interpleader action, the court finds that it is in the interests of justice and efficiency to allow the state court to interpret the agreement and resolve Marilyn's claims before proceeding here.

## ORDER

For the reasons stated herein, this action is hereby STAYED until Marilyn's state court action against JD is completed. While this action remains stayed, the parties are ordered to submit a status report every 120 days from the date of this order to inform the court regarding the status of the state court proceedings. Because resolution of the related state court action will inform future proceedings and claims before this court, JD's pending motion for summary

---

[30] ECF No. 38 at 4–10.

judgment[31] is administratively DENIED WITHOUT PREJUDICE. Both parties will be permitted file summary judgment motions after the stay is lifted.

Signed June 8, 2022.

BY THE COURT

David Barlow
United States District Judge

---

[31] ECF No. 30.